## STRUHL v. KAPLAN.
No. 121877.

Small Claims Court, Dade County.
June 18, 1964.

David M. Gonshak, Miami, for plaintiff.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered for the plaintiff for $540 (which includes $120 interest) and $12.25 costs. The court has given careful consideration to the evidence presented at the trial. Under the law and the evidence plaintiff is entitled to recover. The evidence discloses the following material facts —

(1) On defendant's request plaintiff lent him $1,875 on December 18, 1961 (plaintiff's exhibit #1), which defendant agreed to pay in one year plus interest thereon at 6%.

(2) Defendant executed and delivered a warranty deed, dated May 2, 1961, to property described therein, which plaintiff accepted as security for the loan (plaintiff's exhibit #2). Defendant did not sign a promissory note. Subsequently, plaintiff discovered that defendant did not have the record fee simple title to the property conveyed by the deed.

(3) Defendant gave plaintiff a check for $2,000 dated January 29, 1962 which he requested plaintiff to hold. However, upon learning that the above mentioned warranty deed was of doubtful validity, plaintiff deposited the aforesaid check for

$2,000 in February, 1962 and it was returned unpaid and stamped "Endorsement Cancelled, Feb. 21, 1962 . . . Insufficient Funds".

The evidence further shows that plaintiff demanded and received from defendant the total aggregate sum of $1,455, which was paid in three installments, as follows —

| | |
|---|---|
| May 29, 1962 | $455 |
| Aug. 20, 1962 | $800 |
| Nov. 1, 1962 | $200 |

Defendant contends that the abovementioned loan transaction was usurious in violation of the law.

Under the facts established by the evidence herein plaintiff has not "charged" or "accepted" any interest on the loan ($1,875). "[T]he word 'charge', like its associated word 'accept', in the sense that such word is used" in the Florida usury statute, "means something more than a mere demand, which has not yet been acceded to or judicially enforced to the extent that the proceeds of such enforcement have been received and enjoyed by the lender in violation of the law." Benson v. First Trust & Savings Bank, 105 Fla. 135, 134 So. 493, 496, cited with approval in Connecticut Mutual Life Insurance Company v. Fisher (Fla. App. 3d Dist.), 165 So.2d 182, 186.

On the basis of the foregoing, plaintiff is entitled to judgment for $420 plus interest in the sum of $120 based upon 6% of the unpaid principal balances existing from time to time.